**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

FRITO SAINTAL, SAMIEUL VILASEAU,
EMOSIEUL SURIN,

                Plaintiff,

-vs-                                              Case No. 2:11-cv-216-FtM-36SPC

JEFF PEQUEÑO, LIONEL PEQUEÑO,

                Defendants.
_____

**ORDER**

       This matter comes before the Court on Application to Clerk for Entry of Default (Doc. #10) filed on May 26, 2011. The Plaintiffs move for an entry of clerk's default against Defendants Lionel Pequeno and Jeff Pequeno and state that service was effectuated on both Defendants on May 2, 2011, at their residences. The Plaintiffs filed the Returns of Service (Doc. # 8, 9) with the Court on May 10, 2011. The Return of Service with regard to Lionel Pequeno (Doc. #8) shows that he was served by substitute service on Ricardo Pequeno, who is Defendant's brother, at Defendant's residence at 495 Noble Pine Drive, Labelle, Florida, on May 2, 2011. The Return of Service with regard to Jeff Pequeno (Doc. #9) shows that he was served by substitute service on Ericka Pequeno, who is Defendant's spouse, at Defendant's residence at 714 Noble Pine Drive, Labelle, Florida, on May 2, 2011. Both individuals are fifteen years of age or older.

       The entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Florida Rules of Civil

Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. Florida law allows service of an individual "by delivering a copy of [the summons and complaint] to the person to be served ... or by leaving the copies at [a Defendant's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1). Baca v. Zee Auto Center, Inc., 2007 WL 2298076, *1 (M.D. Fla. Aug. 7, 2007).

In this case, the Summons and Complaint was served by substitute service on Defendants on May 2, 2011. This was proper under Florida law. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. To date, there has been no responsive pleading with respect to the Complaint from the Defendants. Therefore, the entry of clerk's default is appropriate at this time.

Accordingly, it is now

**ORDERED:**

Application to Clerk for Entry of Default (Doc. #10) is **GRANTED**. The Clerk of Court is directed to enter clerk's default against Defendants Lionel Pequeno and Jeff Pequeno.

**DONE AND ORDERED** at Fort Myers, Florida, this   31st   day of May, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record