UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRITO SAINTAL, SAMIEUL VILASEAU
and EMOSIEUL SURIN,

    Plaintiffs,

v.                                              Case No:  2:11-cv-216-FtM-38CM

JEFF PEQUENO and LIONEL
PEQUENO,

    Defendants.
_____/

# ORDER[1]

This matter comes before the Court on Plaintiffs' Motion for Entry of Judgment (Doc. 20) filed on February 22, 2018. Nearly six years ago, the Court found in Plaintiffs' favor against Defendants, jointly and severally, in the amount of $33,134.72, pursuant to Federal Rule of Civil Procedure 55(b) and directed the Clerk to enter judgment. (Doc. 18). Instead of entering a judgment, the Clerk entered a "Clerk's Default" under Federal Rule of Civil Procedure 55(a). (Doc. 19). Plaintiffs now move the Court to direct the Clerk to enter final judgment *nunc pro tunc* so that it may enforce the judgment that the Court previously ordered (Doc. 18).

An error of the Clerk may be corrected pursuant to Federal Rule of Civil Procedure 60(a), which says the "court may correct a clerical mistake or a mistake arising from

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60. Under this rule, a district court may "correct clerical errors to reflect what was intended at the time of ruling," but "errors that affect substantial rights of the parties . . . are beyond the scope of rule 60(a)." *Weeks v. Jones*, 100 F.3d 124, 128 (11th Cir. 1996) (citations omitted). As discussed above, the Court clearly directed that judgment – not a clerk's default – be entered. Because of the Clerk's oversight and clerical error, the Court grants Plaintiffs' motion for a *nunc pro tunc* order to correct the error.

Accordingly, it is now

**ORDERED:**

(1)    Plaintiffs' Motion for Entry of Judgment (Doc. 20) is **GRANTED**. The Clerk's Default (Doc. 19) is **stricken** because of the Clerk's error and the Clerk is **directed** to note the docket accordingly.

(2)    The Clerk is **DIRECTED** to enter judgment *nunc pro tunc* in favor of Plaintiffs and against Defendants Jeff Pequeno and Lionel Pequeno, jointly and severally, in the amount of **$33,134.72**, dated April 2, 2012.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of February 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record